FILED

2016 OCT 28 PM 1:34

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA,
ORLANDO DIVISION

BRANDON MILLIGAN,

      CASE NO: 6-16-cv-1889-Orl-28DCI

    Plaintiff,

v.

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

    Defendant.
_____/

### DEFENDANT'S NOTICE OF REMOVAL

Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY ("STATE FARM"), by and through its undersigned counsel, hereby files its Notice of Removal, pursuant to 28 U.S.C. § 1446 and, in support thereof, states:

1. Plaintiff, BRANDON MILLIGAN, (hereinafter "Plaintiff") filed this action against State Farm on August 19, 2016 in the Circuit Court for the Eighteenth Judicial Circuit in and for Brevard County, Florida, asserting a claim for benefits under a policy of uninsured/underinsured motorist ("UM") insurance issued by State Farm arising out of an automobile accident that occurred on or about July 15, 2014. Exhibit A (Complaint).

2. State Farm was served with process on September 29, 2016. *See* Exhibit "B" (Notice of Service of Process).

3. Pursuant to 28 U.S.C. §1441, "[e]xcept as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where

such action is pending." *Id.* "The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States." 28 U.S.C. §1332(a)(1). As described below, the action before this Court satisfies the requirements for diversity of citizenship jurisdiction.

4. Based on information and documentation known to Defendant, the Plaintiff is a citizen of the State of Florida, living in Brevard County, Florida. Exhibit C (Plaintiff's Demand Letter and Medical Bills) (listing an address for Plaintiff in Florida). In contrast, State Farm is an Illinois corporation with its principal place of business in Illinois. *See* 28 U.S.C. §1332(c)(1) ("a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business"). As such, the citizenship of the parties is diverse.

5. 28 U.S.C. § 1446(b) states that a "notice of removal of a civil action or proceeding shall be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter." *Id.* As such, this case is removable within thirty days of September 29, 2016 (i.e., by October 31, 2016 as the thirtieth day falls on a weekend) if the amount in controversy is over $75,000.

6. Plaintiff's demand letter dated July 14, 2016, is supported by a number of medical billing records, indicating bills Plaintiff relates to the accident in the amount of

$614,167.81. *See* Exhibit C. The demand is for the full UM policy limits of $100,000.00 in light of Plaintiff's treatment and surgery, specifically a surgical decompression of his "Chiari Malformation" in July 2015 with post-operative complications.

7. As such, between the amount of medical bills and the policy limits demand supported by medical documentation, there is no question that the amount in controversy meets the threshold requirement for removal.

8. Based upon the facts outlined above, this Court has original jurisdiction over this action because the parties to this action are diverse and the amount in controversy exceeds $75,000.00. Thus, removal to this Court is appropriate and timely.

9. In accordance with Rule 4.02(b), Local Rules for the Middle District of Florida, attached hereto as Composite Exhibit "D" is a copy of all process, pleadings, orders, and other papers or exhibits of every kind, including depositions filed in the state court case with the Eighteenth Judicial Circuit in and for Brevard County, Florida. STATE FARM is also contemporaneously serving a copy of this Notice of Removal with the Clerk of the state court action, pursuant to 28 U.S.C. § 1446(d).

**WHEREFORE**, Defendant, STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY, respectfully requests that this Court take jurisdiction over the above-captioned matter for all further proceedings.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 28th day of October, 2016, I filed the foregoing with the Clerk of the Court in person who will electronically serve a copy to:

David D. Neiser, B.C.S. and Matthew A. Dolman, Esquire, Dolman Law Group, 1663 1st Avenue South, St. Petersburg, FL 33712 (pleadings@dolmanlaw.com).

/s/ signature

DALE T. GOBEL
Florida Bar No.: 980439
MIGUEL R. ACOSTA
Florida Bar No.: 043130
Gobel Flakes, LLC
189 South Orange Avenue, Suite 1430
Orlando, FL 32801
E-mail: dgobel@gobelflakes.com
 macosta@gobelflakes.com
 sbrooks@gobelflakes.com
Telephone: (407) 455-5165
Facsimile: (407) 455-5166
Attorneys for Defendant

MRA/seb